IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLINT A. DeARMENT, | : | |
|     Plaintiff | : | Civil Action No. 1:08-CV-428 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| WARDEN H. THOMAS LYTER et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Clint A. DeArment, an inmate confined to the Juniata County Prison in Mifflintown, Pennsylvania, filed this civil rights action on October 3, 2007. (Doc. No. 1.) Before is Plaintiff's motion for appointment of counsel. (Doc. No. 20.) For the reasons set forth below, the motion will be denied.

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1), Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). The appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. For the purpose of this motion, the Court assumes that Plaintiff's case has arguable merit in fact and law.

Beyond the merits of Plaintiff's case, the Court should examine a number of other

factors, including:

> 1. the plaintiff's ability to present his or her own case;
> 2. the difficulty of the particular legal issues;
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4. the plaintiff's capacity to retain counsel on his or her own behalf;
> 5. the extent to which a case is likely to turn on credibility determinations; and
> 6. whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Plaintiff's motion fails to set forth any special circumstances or factors that would warrant appointment of counsel. Tabron, 6 F.3d at 155-56. While it is necessary for Plaintiff to file an amended complaint, the pleadings submitted thus far have not contained complicated legal issues. Based on what has been pleaded, the Court does not find that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own. This Court's liberal construction of *pro se* pleadings, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. Based on the foregoing, Plaintiff's motion for appointment of counsel will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by Plaintiff.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLINT A. DeARMENT,** | : | |
|     **Plaintiff** | : | Civil Action No. 1:08-CV-428 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **WARDEN H. THOMAS LYTER et al.,** | : | |
|     **Defendants** | : | |

## ORDER

**AND NOW**, this 8th day of May 2008, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for appointment of counsel (Doc. No. 7) is **DENIED**.

                                      S/ Yvette Kane
                                      Yvette Kane, Chief Judge
                                      United States District Court
                                      Middle District of Pennsylvania